## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRADLEY C. REIFLER,<br><br>                              Appellant,<br><br>                    -v-<br><br>NORTH CAROLINA MUTUAL LIFE<br>INSURANCE COMPANY,<br><br>                              Appellee. | No. 7:18-cv-02559-CS<br><br>On appeal from the United<br>States Bankruptcy Court<br>for the Southern District of<br>New York |

## <u>APPELLEE'S MOTION TO DISMISS APPEAL</u>

Appellant Bradley C. Reifler ("<u>Reifler</u>") seeks to appeal a bankruptcy court order holding him in civil contempt.  The Bankruptcy Court entered the order after it made the factual determination that Reifler had acted in bad faith and willfully violated a discovery order requiring him to turn over all of his Electronic Devices (as defined below).  That discovery order was only necessary because Reifler failed to produce relevant documents and e-mails during discovery and then admitted that he had deleted potentially responsive emails.

The civil contempt order was undoubtedly a proper exercise of the Bankruptcy Court's discretion.   This  Court,  however,  need  not  determine  whether  the Bankruptcy Court abused its discretion, because this appeal suffers from threshold deficiencies that warrant dismissal.

First, this Court lacks jurisdiction over this appeal under 28 U.S.C. § 158(a)(3) because Reifler has neither sought, nor obtained leave to appeal the interlocutory, civil contempt order.

Second, this Court should dismiss the appeal under Rule 8003(a)(2) because Reifler has failed to take basic steps necessary to prosecute this appeal, such as paying the filing fee or timely filing the mandatory designation of items to be included in the record and statement of the issues to be presented ("Designation and Statement").

## BACKGROUND

On May 1, 2017, Appellee, North Carolina Mutual Life Insurance Company ("NCM") filed a complaint against Reifler with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), which initiated an adversary proceeding in Reifler's chapter 7 bankruptcy case. [*See Verified Complaint*, *NCM v. Reifler*, No 17-09016-CGM (Bank. S.D.N.Y.) (Doc. 1) (the "Complaint").] The Complaint alleges that Reifler defrauded NCM and misappropriated $34 million in trust assets that Reifler managed in a fiduciary capacity. [*Id.* ¶¶ 4, 27–62.] The Complaint seeks, among other things, to prevent Reifler from obtaining a discharge of NCM's claims against him. [*Id.* at p. 20–21.]

During discovery, NCM served document requests on Reifler, including requests for certain e-mail communications. [*See Motion for Order Finding*

*Defendant in Contempt* at 2, *NCM*, No 17-09016-CGM (Doc. 104) (the "Contempt Motion".]  Over the course of three months, Reifler had produced a total of just *four* e-mail communications before informing NCM that he "regularly deletes his email communications." [*Id.*]  To avoid further spoliation, NCM sought an order requiring Reifler to turn over his Electronic Devices (as defined in the Contempt Motion). [*Id.*]  The Bankruptcy Court agreed and entered an order on December 28, 2017—the "ESI Order"—requiring Reifler to provide a list of all his Electronic Devices and to turn over the devices to a court-approved vendor for imaging within two days. [*Id.* at 3–4.]

By January 16, 2018—more than two weeks after the deadline—Reifler still had not complied with the ESI Order.  [*Id.* at 4–7.]  Reifler had failed to provide a complete list of his Electronic Devices, and when the vendor arrived at Reifler's office to image his devices, before the vendor could complete its work Reifler demanded that the vendor leave and threatened to call building security.  [*Id.*]  NCM thus moved to hold Reifler in civil contempt of the ESI Order.

On February 6, 2018, after conducting a hearing and evaluating the relevant facts, the Bankruptcy Court held Reifler in civil contempt.  [*See Order Finding Defendant in Contempt and Imposing Sanctions*, *NCM*, No 17-09016-CGM (Doc. 117) (the "Contempt Order").]  The court found Reifler was in "willful violation of this Court's ESI Order," that he was "acting in bad faith," and that he was "directly

complicit in his contempt of the ESI Order." [*Id.* at 2–3.]  The court ordered Reifler to fully comply with the ESI Order by February 2, 2017.  [*Id.* at 3.]  The court also ordered Reifler to pay ". . . all of North Carolina Mutual's attorneys' fees and costs in connection with bringing the Contempt Motion, the preparation of this order and its ongoing efforts to seek Defendant's compliance with the ESI Order since its entry," and "all of the Vendor's fees and costs in connection with performing its services under the ESI Order and this order," within ten days of NCM filing affidavits establishing those fees and costs.  [*Id.* at 5.]

On February 14, 2018, Reifler filed a notice of appeal, seeking appellate review of the Contempt Order.  [*Notice of Appeal* (Doc. 1).]  The notice of appeal was not accompanied by a copy of the order being appealed, the mandatory filing fee, or a motion for leave to appeal an interlocutory order.  [*Id.*]

## **ARGUMENT**

## I.  **THIS APPEAL SHOULD BE DISMISSED BECAUSE REIFLER DID NOT OBTAIN LEAVE TO APPEAL AN INTERLOCUTORY ORDER.**

Appellate jurisdiction is generally limited to final orders and judgments.  *See, e.g.*, *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 140 (2d Cir. 2011) ("The core of appellate jurisdiction is to review 'final decisions' of the district courts.").  Under 28 U.S.C. § 158(a)(3), a district court can assume appellate jurisdiction over an interlocutory bankruptcy order only if the appellant seeks and obtains leave to appeal.  *See also* Fed. R. Bank. P. 8004.  Leave to appeal is limited

to interlocutory orders involving: (1) a controlling question of law, as to which there is (2) a substantial ground for difference of opinion, and where (3) an immediate appeal would materially advance the ultimate termination of the litigation.  *See Music Mobile, LLC v. Newman (In re Stage Presence Inc.)*, 16 cv 8219(DLC), 2016 U.S. Dist. LEXIS 164488, at *5-6 (S.D.N.Y. Nov. 29, 2016).  Even where these factors are met, interlocutory appeals are within the discretion of the district court and should be "strictly limited" to cases involving "exceptional circumstances."  *Id.* at *6 (quoting *Flor v. BOT Fin. Corp.*, 79 F.3d 281, 284 (2d Cir. 1996)).

"Civil contempt orders against parties to an action are non-final orders; as such, they cannot be immediately appealed absent leave from the court."  *Fletcher v. Ball (In re Soundview Elite, Ltd.)*, 15 Civ. 5666 (KPF), 2016 U.S. Dist. LEXIS 38494, at *24-25 (S.D.N.Y. Mar. 23, 2016) (citing *OSRecovery, Inc. v. One Groupe Intern Inc.*, 462 F.3d 87, 92 (2d Cir. 2006)); *see also Wilson v. Creditors' Comms. of Commodore Int'l Ltd. (In re Commodore Bus. Machs.)*, 246 B.R. 476, 488 (S.D.N.Y. 2000) ("It is axiomatic that a finding of civil contempt is not final for purposes of appeal until a sanction is imposed and a final judgment is entered.").  In *Fletcher*, the appellant attempted to appeal a civil contempt order requiring him to pay $50,000 in attorneys' fees.  *See id.*  This Court dismissed the appeal, holding that it "lacks jurisdiction over [the] appeal, as a final judgment has not yet been

entered in the underlying adversary proceeding and leave to file an interlocutory appeal has been neither requested nor granted." *Id.*

This appeal should be dismissed for lack of jurisdiction. The Contempt Order is undoubtedly a non-final order, as no final judgment has been entered. *See Wilson*, 246 B.R. at 488. And just as in *Fletcher*, Reifler has not even sought, much less obtained, leave to appeal the contempt order. 2016 U.S. Dist. LEXIS 38494 at *24-25. Nor could Reifler show that leave to appeal is warranted. The Contempt Order's factual finding that Reifler was in willful bad faith violation of the ESI Order does not involve a "controlling question of law." *See Music Mobile*, 2016 U.S. Dist. LEXIS 164488 at *5-6. In addition, an order reversing the Contempt Order would not advance the ultimate termination of the litigation. *See id.* Because the Court lacks jurisdiction over this appeal, this Motion should be granted and the appeal should be dismissed.

## II.     THIS APPEAL SHOULD BE DISMISSED FOR WANT OF PROSECUTION.

Federal Rule of Bankruptcy Procedure 8003(a)(2) provides that "[a]n appellant's failure to take any step other than the timely filing of a notice of appeal" is grounds for the district court "to act as it considers appropriate, ***including dismissing the appeal*.**" The steps an appellant must take in properly prosecuting a bankruptcy appeal include (i) that the Notice of appeal must "be accompanied by the judgment, order, or decree, or the part of it, being appealed" under Rule

8003(a)(3)(B); (ii) paying the prescribed filing fee with the notice of appeal under Rule 8003(a)(3)(C); and (iii) filing "a designation of the items to be included in the record on appeal and a statement of the issues to be presented" within 14 days after filing the notice of appeal under Rule 8009(a)(1).

The Second Circuit has made clear that "[f]iling a Designation and Statement is mandatory," because "a bankruptcy appeal cannot proceed without a Designation and Statement." *Lynch v. U.S. (In re Lynch)*, 430 F.3d 600, 603, 605 (2d Cir. 2005). Where "a party fails to file a Designation and Statement on time" and is unable to show excusable neglect to allow an untimely filing, "the appeal has to be at an end." *Id.* at 605. This Court has thus routinely dismissed bankruptcy appeals under Rule 8003(a)(2) when the appellant does not file a timely designation and statement. *See, e.g.*, *Carlebach v. Togut (In re 199 East 7th St. LLC)*, No. 17-CV-545 (RA), 2017 U.S. Dist. LEXIS 77019, at *2-6 (S.D.N.Y. May 19, 2017); *Cole v. MF Glob. Holdings Ltd. (In re MF Global Holdings Ltd)*, 1:17-cv-167-GHW, 2017 U.S. Dist. LEXIS 26276, at *2-3 (S.D.N.Y. Feb. 23, 2017); *Helen-May Holdings, LLC v. Geltzer*, No. 13 Civ. 6643 (RJS), 2013 U.S. Dist. LEXIS 191626, at *3-5 (S.D.N.Y. Dec. 6, 2013), *aff'd,* 582 F. App'x 61 (2d Cir. 2014); *Miller v. Sapir (In re Miller)*, 08 Civ. 4305 (JGK), 2009 U.S. Dist. LEXIS 5187, at *12 (S.D.N.Y. Jan. 23, 2009); *Andruzzi v. Pryor*, 07-CV-452 (SJF), 2007 U.S. Dist. LEXIS 30173, at *3 (E.D.N.Y. Apr. 4, 2007).

Here, Reifler filed his notice of appeal on February 14, 2018. [*Notice of Appeal* (Doc. 1).] The notice of appeal was not accompanied by the order being appealed or the prescribed filing fee, and Reifler still has neither paid the fee nor included the Contempt Order in his filing. [*Id.*] This Court should dismiss this appeal pursuant to Rule 8003(a)(2) for these reasons alone. *See, e.g.*, *Patterson v. Bronx Lebanon Hosp.*, No. 11-4076-pr (2d Cir. Nov. 15, 2011) (Doc. 21) (dismissed for failure to pay filing fee); *Henry v. Pergament*, 11 CV 4481(SJF), 2012 U.S. Dist. LEXIS 51827, at *5 (E.D.N.Y. Apr. 11, 2012) (granting motion to dismiss where appellants did not timely file notice of appeal, "nor did they ever pay the required filing fee or seek waiver of the filing fee from this Court.").

Moreover, Reifler's failure to timely file his Designation and Statement is an additional independent basis for dismissing this appeal. Rule 8009(a)(1)(B) requires the filing of a designation and statement within fourteen days of filing the notice of appeal. Reifler's Notice of Appeal was filed February 14, 2018, and his Designation and Statement were therefore required to be filed by February 28, 2018. [*See Notice of Appeal* (Doc. 1).] Reifler did not file his Designation and Statement by the February 28, 2018 deadline. Nor did he seek an extension of the deadline, file an untimely Designation and Statement, or seek leave after the deadline to file his Designation and Statement. This lack of prosecution of the appeal by Reifler warrants its dismissal under Rule 8003(a)(2). *See, e.g.*, *Carlebach*, 2017 U.S. Dist.

LEXIS 77019 at *2-6 ("Carlebach's failure to comply with Rule 8009 warrants dismissal of this appeal."); *Cole*, 2017 U.S. Dist. LEXIS 26276 at *2-3 ("[W]here Appellant has failed to comply with the clear dictates of Rule 8009, the Court concludes that dismissal of this appeal is warranted."); *Helen-May Holdings, LLC*, 2013 U.S. Dist. LEXIS 191626, at *3-5 ("Appellant's late [Rule 8009] filing is not excused . . . . [T]his appeal cannot proceed.); *Miller*, 2009 U.S. Dist. LEXIS 5187, at *12 (refusing to reinstate dismissed appeal; appellant "offers no plausible explanation for his failure to file a timely designation and statement"); *Andruzzi*, 2007 U.S. Dist. LEXIS 30173, at *3 (dismissing appeal for failure to "timely serve a designation and statement of the issues").

## **CONCLUSION**

For all of the foregoing reasons, NCM respectfully requests that this Court (a) grant the Motion, (b) dismiss this appeal, and (c) award NCM its attorneys' fees and double its costs under Federal Rule of Bankruptcy Procedure 8020, the basis for which NCM will set forth in a separate motion.

Dated:  New York, New York
        March 29, 2018

                          SQUIRE PATTON BOGGS (US) LLP


                          */s/ Norman N. Kinel*
                          Norman N. Kinel
                          30 Rockefeller Plaza, 23rd Floor
                          New York, New York 10112
                          Telephone:  (212) 872-9800
                          Facsimile: (212) 872-9815
                          norman.kinel@squirepb.com

                          *Attorneys for Appellee North Carolina Mutual Life Insurance Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 29th day of March, 2018, the foregoing document was electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal to registered participants of the CM/ECF system.

I further certify that on this 29th day of March, 2018, I served the attached document along with copies of unpublished cases cited therein by mail on the following, who are not registered participants of the CM/ECF system:

Bradley C. Reifler

123 Fraleigh Hill Road

Millbrook, NY 12545


/s/ Betty Rios