UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRADLEY C. REIFLER,<br><br>        Appellant,<br><br>    -v-<br><br>NORTH CAROLINA MUTUAL LIFE INSURANCE COMPANY,<br><br>        Appellee. | No. 7:18-cv-02559-CS<br><br>On appeal from the United States Bankruptcy Court for the Southern District of New York |

### APPELLEE'S RULE 8020 MOTION FOR
### REASONABLE ATTORNEYS' FEES AND DOUBLE COSTS

Appellee North Carolina Mutual Life Insurance Company ("NCM") has moved to dismiss the appeal (the "Dismissal Motion") of Appellant Bradley C. Reifler ("Reifler"). The Dismissal Motion establishes that this appeal should be dismissed because this Court lacks jurisdiction over the appeal, because Reifler did not seek or obtain leave to appeal the bankruptcy court's interlocutory civil contempt order. The Dismissal Motion also establishes that this appeal should be dismissed under Rule 8003(a)(2), because Reifler failed to take basic steps to prosecute the appeal such as paying the filing fee or timely filing the mandatory designation and statement. NCM now moves for its reasonable attorneys' fees and double its costs incurred in defending this frivolous appeal under Federal Rule of Bankruptcy Procedure 8020.

## ARGUMENT

Federal Rule of Bankruptcy Procedure 8020 provides that the district court may "award just damages and single or double costs to the appellee" if it "determines that an appeal is frivolous." An appeal is frivolous under Rule 8020 where it was "totally lacking in merit, framed with no relevant supporting law, conclusory in nature, and utterly unsupported by the evidence." *In re Negosh*, 06-CV-5617(JS), 2007 U.S. Dist. LEXIS 61842, at *6 (E.D.N.Y. 2007); *see also In re Davis*, 03 Civ. 7926 (LAK), 2004 U.S. Dist. LEXIS 10837, at *3 (S.D.N.Y. June 15, 2004) (awarding sanctions under Rule 8020 where the appeal was "at least substantially frivolous"). Courts have also found appeals to be frivolous where the appeal suffers from threshold deficiencies, like standing or jurisdiction, or where the appellant failed to prosecute the appeal. *See, e.g.*, *Kristan v. Turner (In re Kristan)*, BAP NO. EP 08-041, 2008 Bankr. LEXIS 3964, at *12 (B.A.P. 1st Cir. Dec. 15, 2008) (awarding sanctions where the appellant lacked standing to appeal the bankruptcy court's order); *In re Action Dev.*, No. C 07-1539 SBA, 2007 U.S. Dist. LEXIS 86837, at *6 (N.D. Cal. Nov. 14, 2007) (awarding sanctions where appellants did not timely file their designation of record or statement of issues and did not respond to appellees' motion to dismiss).

Here, sanctions should be awarded against Reifler for filing this frivolous appeal. As NCM's Motion to Dismiss shows, this Court lacks jurisdiction over this

appeal because Reifler improperly seeks to appeal an interlocutory, civil contempt order. Reifler did not even attempt to obtain leave from the Bankruptcy Court or this Court to pursue an interlocutory appeal. He did not include a motion for leave with his notice of appeal as required under Rule 8004, and he failed to provide any basis for granting leave in his notice of appeal.

Reifler also failed to take the basic steps necessary to prosecute the appeal once in this Court. Reifler did not include the order being appealed from with his notice of appeal, as required by Rule 8003(a)(3)(B). Reifler did not timely pay the prescribed filing fee or seek a waiver, as required by Rule 8003(a)(3)(C). And Reifler did not timely file his mandatory designation and statement as required under Rule 8009(a)(1). Nor has Reifler sought an extension of any of these deadlines, sought leave to make an untimely filing, or taken any other steps since filing the notice to prosecute this appeal. Reifler has thus forced NCM and this Court to expend time and resources on a frivolous appeal that Reifler himself apparently cannot be bothered to pursue. Sanctions are therefore appropriate under Rule 8020. *See In re Action Dev.*, 2007 U.S. Dist. LEXIS 86837 at \*6 (sanctions appropriate where appellants "have wasted both appellees' and this Courts' time").

## **CONCLUSION**

For the foregoing reasons, NCM respectfully requests that this Court award NCM its attorneys' fees and double its costs under Federal Rule of Bankruptcy Procedure 8020.


Dated:  New York, New York
        March 29, 2018

                                          SQUIRE PATTON BOGGS (US) LLP

                                        */s/ Norman N. Kinel*
                                        Norman N. Kinel
                                        30 Rockefeller Plaza, 23rd Floor
                                        New York, New York 10112
                                        Telephone:  (212) 872-9800
                                        Facsimile: (212) 872-9815
                                        norman.kinel@squirepb.com

                                        *Attorneys for Appellee North Carolina Mutual Life Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of March, 2018, the foregoing document was electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal to registered participants of the CM/ECF system.

I further certify that on this 29th day of March, 2018, I served the attached document along with copies of unpublished cases cited therein by mail on the following, who are not registered participants of the CM/ECF system:

Bradley C. Reifler

123 Fraleigh Hill Road

Millbrook, NY 12545


/s/ Betty Rios