UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
In re:

BRADLEY C. REIFLER,

                              Debtor.

-----------------------------------------------------------------------x
BRADLEY C. REIFLER,

                              Appellant,

    - against -

NORTH CAROLINA MUTUAL LIFE INSURANCE
COMPANY,

                              Appellee.
-----------------------------------------------------------------------x

**OPINION AND ORDER**

No. 18-CV-2559 (CS)

Appearances:

Michael D. Siegel
Siegel & Siegel, P.C.
New York, New York
*Counsel for Appellant*

Norman N. Kinel
Squire Patton Boggs LLP
New York, New York
*Counsel for Appellee*

Seibel, J.

      Before the Court is the motion of creditor North Carolina Mutual Life Insurance Company ("Appellee") to dismiss, for lack of jurisdiction and for failure to prosecute, the appeal filed by Appellant Bradley C. Reifler. (Doc. 5 ("Appellee's MTD").) Appellee also moves for attorneys' fees and double costs incurred in defending the appeal. (Doc. 7 ("Appellee's Fees

1

Motion").) For the reasons stated below, the motion to dismiss is GRANTED and the motion for fees and costs is GRANTED in part.

## I. BACKGROUND

Only the facts relevant to the disposition of this matter are set forth below.

On May 1, 2017, Appellee filed a complaint against Appellant, initiating an adversary proceeding in Appellant's ongoing Chapter 7 bankruptcy case. (Bankr. Doc. 1.)[1]

On December 28, 2017, the Bankruptcy Court ordered Appellant to turn over, or provide access to, all electronic devices and data for forensic inspection and data collection (the "ESI Order"). (Bankr. Doc. 98.)

On January 16, 2018, Appellee moved for an order finding Appellant in contempt for not complying with the ESI Order. (Bankr. Doc. 104.) After holding a hearing, the Bankruptcy Court on February 6, 2018 found Appellant in contempt for his "ongoing and willful violation of [the] ESI Order" and, pursuant to Federal Rule of Civil Procedure 37(b)(2)(C) and Federal Rule of Bankruptcy Procedure 7037, ordered him to pay Appellee's costs and attorneys' fees in connection with the contempt motion and the fees and costs of the vendor that had attempted to create a forensic image of Appellant's devices (the "February 2018 Order"). (Bankr. Doc. 117 at 2-5.)

On February 14, 2018, Appellant – who was represented in the Bankruptcy Court proceedings – filed a notice of appeal *pro se*, seeking District Court review of the February 2018 Order. (Doc. 1.) His notice of appeal did not include a copy of the February 2018 Order, the

---

[1] "Bankr. Doc." refers to documents filed in the underlying adversary proceeding in the Bankruptcy Court for the Southern District of New York under docket number 17-AP-9016.

mandatory filing fee, or a motion for leave to appeal.[2] The Clerk of Court set March 1, 2018, fourteen days after Appellant filed his notice of appeal, as the deadline to "file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented," referred to as a "Designation and Statement." Fed. R. Bank. P. 8009(a)(1)(A)-(B). The fourteen-day deadline passed with no Designation and Statement.

This Court received the appeal on March 22, 2018, and the Clerk of Court made April 23, 2018 the deadline for Appellant's brief, presumably pursuant to Federal Rule of Bankruptcy Procedure 8018(a)(1). (Doc. 3.)[3] One week later, on March 29, Appellee moved to dismiss the appeal and for attorneys' fees and double costs in defending the appeal. (Docs. 5, 7.) Appellant's response to the motion to dismiss was due April 9, 2018, but he missed that deadline too.[4]

On April 23, 2018, Appellant requested an extension, claiming that he "had not received any information other than an acknowledgment that [his] appeal had been received." (Doc. 8.)

---

[2] Appellant later provided this Court with an image of a cashier's check dated February 16, 2018 purportedly used to pay the filing fee. (Doc. 11 at 3.) That image may be proof of the existence of a cashier's check, but it is not proof that the Bankruptcy Court received the filing fee. Neither the District Court docket nor the Bankruptcy Court docket contains a docket entry reflecting receipt of the filing fee for this appeal. The Bankruptcy Court docket for the adversary proceeding, however, does contain a docket entry reflecting receipt of the filing fee for a subsequent notice of appeal that Appellant filed on May 9, 2018, (Bankr. Docket Minute Entry Dated May 9, 2018), further casting doubt on Appellant's claim that he actually paid the filing fee for the instant appeal. While failure to pay the filing fee is reason for dismissal, *see Henry v. Pergament*, No. 11-CV-4481, 2012 WL 1243187, at *2 (E.D.N.Y. Apr. 11, 2012), the Court need not dismiss for that reason because there is another reason for dismissal, as discussed below.

[3] The third docket entry dated March 22, 2018 noted that Appellant had not filed a "designation of contents, due March 1, 2018." (Doc. 3 (emphasis omitted).)

[4] It is unclear why the Clerk of Court set a ten-day deadline for Appellant's opposition to Appellee's motion to dismiss. Appellee moved to dismiss the appeal pursuant to Federal Rule of Bankruptcy Procedure 8013, which provides that "unless the district court . . . orders otherwise, . . . any party to the appeal may file a response to [Appellee's] motion within [seven] days after service of the motion." Fed. R. Bank. P. 8013(a)(3)(A). In any event, whether it was seven or ten days, Appellant missed the deadline.

3

After hearing from both parties, and in light of Appellant's *pro se* status at that time, the Court extended the time for Appellant to oppose Appellee's motion to dismiss to May 14, 2018. (Doc. 11.) Appellant submitted his opposition on May 10, (Doc. 12 ("Appellant's Opp.")), and Appellee replied on May 22, (Doc. 17 ("Appellee's Reply")). Appellant's counsel also appeared on May 10. (Doc. 13.)

In the meantime, on May 4, 2018, the Bankruptcy Court issued another order (the "May 2018 Order"), finding Appellant in continuing contempt of the ESI Order, imposing additional sanctions, and entering a default judgment against Appellant on all counts of Appellee's complaint. (Bankr. Doc. 176.)[5]

## II.  MOTION TO DISMISS THE APPEAL

### A.  Appellant Appeals from an Interlocutory Order

This Court has jurisdiction to hear appeals from decisions of a bankruptcy court pursuant to 28 U.S.C. § 158(a), which provides in pertinent part that "[t]he district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees; . . . [and,] with leave of the court, from other interlocutory orders and decrees . . . of bankruptcy judges." 28 U.S.C. § 158(a)(1), (3). "[F]or a bankruptcy court order to be final . . . , the order need not resolve all of the issues raised by the bankruptcy; but it must completely resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief." *Dicola v. Am. Steamship Owners Mut. Prot. & Indem. Ass'n. (In re Prudential Lines, Inc.)*, 59 F.3d 327, 331 (2d Cir. 1995) (emphasis and internal quotation marks omitted).

---

[5] Appellant has appealed this order. (Bankr. Doc. 178; Notice of Appeal, *North Carolina Mutual Life Insurance Co. v. Reifler*, No. 18-CV-4711, (S.D.N.Y. May 29, 2018), Doc. 1.)

Appellant appealed from the February 2018 Order, which found him in contempt of the ESI Order and imposed sanctions to compel compliance with the ESI Order. Generally, "an order of civil contempt is not 'final' within the meaning of [28 U.S.C. §] 1291 but is interlocutory and therefore may not be appealed until the entry of a final judgment in the underlying litigation." *OSRecovery, Inc. v. One Groupe Int'l, Inc.*, 462 F.3d 87, 92 (2d Cir. 2006) (footnote omitted); *see Fletcher v. Ball* (*In re: Soundview Elite, Ltd.*), No. 15-CV-5666, 2016 WL 1178778, at *8 (S.D.N.Y. Mar. 23, 2016) ("Civil contempt orders against parties to an action are non-final orders; as such, they cannot be immediately appealed absent leave from the court."). At first glance, the jurisdictional analysis here appears straightforward: an interlocutory order cannot be appealed. Nonetheless, Appellant makes two arguments as to why the February 2018 Order is not a typical civil contempt order and thus can be appealed.

First, while Appellant concedes that the February 2018 Order is interlocutory, he argues that it is appealable under the collateral order doctrine. (Appellant's Opp. ¶ 7.) "An interlocutory order may be appealed pursuant to the collateral order doctrine . . . where the decision would (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the actions, and (3) be effectively unreviewable on appeal from a final judgment." *In re: 127 John St. Assocs.*, No. 93-B-46171, 2005 WL 911488, at *5 (S.D.N.Y. Apr. 18, 2005) (citing *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546-47 (1949)). Appellant cites the standard for the collateral order doctrine but makes no attempt to show how the February 2018 Order satisfies the doctrine's requirements; his argument that the doctrine applies is conclusory. In any event, any such argument would founder on the third prong. And while there are exceptions to the general rule that civil contempt orders are not immediately reviewable – such as when the order is issued against a non-party, or arises from a

5

post-judgment proceeding "[w]here the main case is effectively terminated" or from a contempt proceeding that is the "sole court proceeding involved" – those exceptions do not apply. *Int'l Bus. Machines Corp. v. United States*, 493 F.2d 112, 115 n.1 (2d Cir. 1973).

Second, Appellant argues that the instant appeal is now from a final order because the May 2018 Order "terminat[ed] the adversary proceeding that caused this appeal." (Appellant's Opp. ¶ 2.) In other words, he argues the May 2018 Order constitutes a final judgment, thus curing the jurisdictional defect wrought by Appellant's challenge to what was an interlocutory order. Appellee disagrees, relying on *FirsTier Mortgage Co. v. Investors Mortgage Insurance Co.*, 498 U.S. 269 (1991), to argue that this appeal is still improper despite the May 2018 Order. (Appellee's Reply at 4-5.)

*FirsTier* held that Federal Rule of Appellate Procedure 4(a)(2) – the model for Rule 8002, *see* Fed. R. Bankr. P. 8002 advisory committee note to 2014 amendment – "permits a notice of appeal filed from certain nonfinal decisions to serve as an effective notice from a subsequently entered final judgment." *FirsTier*, 498 U.S. at 274. *FirsTier* observed that Rule 4(a)(2) "was intended to protect the unskilled litigant who files a notice of appeal from a decision that he reasonably but mistakenly believe[d] to be a final judgment, while failing to file a notice of appeal from the actual final judgment." *Id.* at 276. *FirsTier* makes clear, however, that Rule 4(a)(2) does not "permit[] a notice of appeal from a clearly interlocutory decision – such as a discovery ruling or a sanction order under Rule 11 of the Federal Rules of Civil Procedure." *Id.*

Appellant does not address *FirsTier*. The Second Circuit, however, has held that "'a premature notice of appeal from a nonfinal order may ripen into a valid notice of appeal if a final judgment has been entered by the time the appeal is heard and the appellee suffers no prejudice.'" *Cmty. Bank, N.A. v. Riffle*, 617 F.3d 171, 174 (2d Cir. 2010) (*per curiam*) (quoting

6

*Smith ex rel. Smith v. Half Hollow Hills Cent. Sch. Dist.*, 298 F.3d 168, 172 (2d Cir. 2002) (*per curiam*)); *see Swede v. Rochester Carpenters Pension Fund*, 467 F.3d 216, 220 (2d Cir. 2006). But it is unclear whether this rule extends to an "appeal from a clearly interlocutory decision – such as a discovery ruling or a sanction order." *FirsTier*, 498 U.S. at 276.[6] *Riffle* involved an appeal from a district court order affirming an order denying automatic dismissal. *See Riffle*, 617 F.3d at 172-73. The appeal in *Smith* arose from a district court's grant of judgment on the pleadings in favor of the appellees as to all but two of the appellants' claims. *See Smith*, 298 F.3d at 170-71. In *Swede*, the appellants filed a notice of appeal after a district court's grant of summary judgment in favor of the appellee but before two additional judgments, one resolving claims for statutory damages and another ordering one of the appellants to pay a specific amount of damages to the appellee. *See Swede*, 467 F.3d at 219. None of the orders underlying those appeals fit *FirsTier*'s "clearly interlocutory" description. In *Slayton v. American Express Co.*, 460 F.3d 215, 224-25 (2d Cir. 2006), the Second Circuit concluded that it had jurisdiction over an appeal from a district court order that dismissed appellant's complaint but granted him leave to amend. *Slayton* noted that the appellant's "'confusion [wa]s understandable.'" *Id.* at 225 (quoting *FirsTier*, 498 U.S. at 276). There is no such confusion here, and if there were, it would not be understandable.

In addition, although it is not binding precedent, the Third Circuit has held that "appeals from discovery orders [or similar interlocutory orders] do not qualify as premature appeals that may ripen upon entry of final judgment." *Adapt of Phila. v. Phila. Hous. Auth.*, 433 F.3d 353, 365 (3d Cir. 2006); *see Lazorko v. Pa. Hosp.*, 237 F.3d 242, 248 (3d Cir. 2000) ("Because Rule

---

[6] In a summary order that lacks precedential effect, the Second Circuit assumed for the sake of argument that a "notice of appeal[ that] pertains to [a] clearly interlocutory decision[] is capable of ripening into a proper appeal upon entry of final judgment" but cited as authority *FirsTier*, which contradicts that assumption. *See Pereyra v. Fancy Mayflower Cleaners, Inc.*, 543 F. App'x 35, 37 (2d Cir. 2013) (summary order).

7

11 sanctions awards are interlocutory in nature, [Rule 4(a)(2)] does not extend to them.") (citing *FirsTier*, 498 U.S. at 275-76). The D.C. Circuit has also observed that Rule 4(a)(2) would not save premature appeals from "clearly interlocutory decisions such as discovery rulings." *See Outlaw v. Airtech Air Conditioning & Heating, Inc.*, 412 F.3d 156, 161 (D.C. Cir. 2005) (discussing *FirsTier*).

The February 2018 Order is therefore within the category of decisions that *FirsTier* deemed "clearly interlocutory." As such, the Court treats the February 2018 order as an interlocutory order.

### B. Leave to Appeal is Denied

"Even when orders are not 'final,' under 28 U.S.C. § 158(a)(3), district courts have jurisdiction to hear appeals from interlocutory orders and decrees with leave of the court." *Sterling v. Harrison (In re Sterling)*, No. 17-CV-248, 2018 WL 1157970, at *3 (S.D.N.Y. Mar. 2, 2018) (citing *Gibson v. Kassover (In re Kassover)*, 343 F.3d 91, 94 (2d Cir. 2003)), *appeal filed*, No. 18-995 (2d Cir. Apr. 6, 2018); *see also* Fed. R. Bankr. P. 8004 (providing procedure for appeal requiring leave). Appellant has not formally sought leave here, but the Court will treat his notice of appeal as a motion for leave to appeal an interlocutory order because this is an appeal requiring leave and Appellant did not include a motion for leave. *See* Fed. R. Bankr. P. 8004(d) ("If an appellant timely files a notice of appeal under this rule but does not include a motion for leave, the district court . . . may . . . treat the notice of appeal as a motion for leave and either grant or deny it."); *Sterling*, 2018 WL 1157970, at *3 n.1; *Back v. LTV Corp. (In re Chateaugay Corp.)*, 213 B.R. 633, 637 (S.D.N.Y. 1997).

To determine whether leave to appeal should be granted, district courts apply the standards prescribed in 28 U.S.C. § 1292(b). *Credit One Fin. v. Anderson* (*In re Anderson*), 550

B.R. 228, 234 (S.D.N.Y. 2016). A court may grant leave if the underlying order: (1) "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The "would-be appellant" has the burden of establishing all three elements. *See Casey v. Long Island R.R. Co.*, 406 F.3d 142, 146 (2d Cir. 2005). "In addition, a party seeking leave to appeal a non-final order must demonstrate exceptional circumstances to overcome the general aversion to piecemeal litigation and to justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Dev. Specialists, Inc. v. Akin Gump Straus Hauer & Feld, LLP (In re Coudert Bros. LLP Law Firm Adversary Proceedings)*, 447 B.R. 706, 711 (S.D.N.Y. 2011) (internal quotation marks omitted).

Appellant does not make any arguments grounded in the § 1292(b) elements, and the Court will not construct any arguments on his behalf. Accordingly, the Court denies Appellant leave to appeal the February 2018 Order, and this case is therefore dismissed for lack of appellate jurisdiction.[7]

### III. MOTION FOR ATTORNEYS' FEES AND COSTS

Appellee seeks attorneys' fees and double costs pursuant to Federal Rule of Bankruptcy Procedure 8020 because Appellant brought a frivolous appeal and failed to prosecute it by not

---

[7] Appellee also argues that the instant appeal is dismissable because Appellant did not timely file and serve a Designation and Statement. (Appellee's MTD at 6-9.) This argument assumes that Appellant filed a notice of appeal *as of right*, which would trigger the 14-day deadline to file and serve a Designation and Statement once the notice of appeal "becomes effective under Rule 8002." Fed. R. Bankr. P. 8009(a)(1)(B)(i). The instant appeal, however, is not an appeal as of right; it is an appeal requiring leave. As such, the 14-day deadline arises "after . . . an order granting leave to appeal is entered." *Id.* 8009(a)(1)(B)(ii). The Court never granted leave to appeal, so Appellant was not required to file and serve a Designation and Statement. As a result, the Court declines to dismiss the instant appeal for untimely filing and service of a Designation and Statement.

9

filing and serving a Designation and Statement. (Appellee's Fees Motion at 2-3.) Because Appellant was under no obligation to file and serve a Designation and Statement, *see* note 7 above, the Court addresses only the frivolous-appeal argument.[8]

"If the district court . . . determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R. Bank. P. 8020; *see Hanover Direct, Inc. v. Marx Realty & Improvement Co. (In re T.R. Acquisition Corp.)*, 309 B.R. 830, 842 (S.D.N.Y. 2003) ("Bankruptcy Rule 8020 provides that a district court may award just damages and single or double costs to an appellee if the district court determines that appeal from a bankruptcy court order is frivolous."). "When reviewing a request for Rule 8020 sanctions, a district court must employ the standards established by Rule 38 of the Federal Rules of Appellate Procedure," *In re Negosh*, No. 06-CV-5617, 2007 WL 2445158, at *6 (E.D.N.Y. Aug. 22, 2007), and determine whether "'the appeal taken is . . . groundless, without foundation, and without merit, even though

---

[8] While Appellant's conduct in not timely opposing the instant motion to dismiss is not the basis for attorneys' fees and costs, the Court will take the opportunity to address his conduct. Appellant blames his untimely opposition to the motion to dismiss on his lack of access to the electronic docket. (Appellant's Opp. ¶ 10.) The deadline to oppose a motion arises from the Bankruptcy Rules, which does not require access to the electronic docket. "Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *See Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) (*per curiam*). This Court has already advised Appellant that "[e]ven *pro se* litigants are required to familiarize themselves with the rules governing their cases," (Doc. 9). *See Edwards v. I.N.S.*, 59 F.3d 5, 8 (2d Cir. 1995) ("[P]*ro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them.").

Appellant also claims that "the service of the motion to dismiss was not proven to be actually received by [Appellant]." (Appellant's Opp. ¶ 9.) Elsewhere Appellant claimed not only that service was not proven, but that it did not occur. (*See* Docs. 8, 11.) Although a FedEx notification indicates that the motion to dismiss was delivered to Appellant's house in Millbrook, New York, (Doc. 10-2), Appellant argues – through a brief of counsel, not via a declaration on personal knowledge – that he has a home in Manhattan and that the Millbrook home is "more of a [s]ummer home, and he was not there to get a package left at the doorstep." (Appellant's Opp. ¶ 9.) His actions suggest otherwise. Appellant identified the Millbrook address as his mailing address on his notice of appeal, (Doc. 1), the civil cover sheet, (Doc. 2), and his *pro se* consent to receive electronic service form, (Doc. 14 at 1). He wrote the Millbrook address as the return address on the envelope he used to mail his consent form. (*Id.* at 2.) And at a hearing before the Bankruptcy Court on March 6, 2018, Appellant testified under oath that his address is the Millbrook address. (Bankr. Doc. 155 at 9:21-23.) In making this argument, Appellant demonstrates either gross negligence or dishonesty.

appellant did not bring it in bad faith,'" *In re Davis*, No. 03-CV-7926, 2004 WL 1336233, at *1 (S.D.N.Y. June 15, 2004) (quoting *In re 60 E. 80th St. Equities, Inc.*, 218 F.3d 109, 119 (2d Cir. 2000)). "Additionally, a court may consider whether the appellant's argument addresses the issues on appeal, fails to cite any authority, cites inapplicable authority, makes unsubstantiated factual assertions, asserts bare legal conclusions, or misrepresents the record." *Kristan v. Turner (In re Kristan)*, No. BAP EP 08-041, 2008 WL 8664765, at *4 (B.A.P. 1st Cir. Dec. 15, 2008).

Appellant's only argument is that if his appeal is improper, then the motion for fees also fails for lack of jurisdiction, but he cites no authority for this argument. (Appellant's Opp. ¶ 8.) Indeed, precedent suggests that the Court still maintains jurisdiction to impose sanctions even if it lacks subject matter jurisdiction over the underlying action. *See Kenneth Michael Wright, LLC v. Kite Bros., LLC*, No. 16-CV-1713, 2017 WL 1319815, at *2 (W.D. La. Apr. 5, 2017) (in context of Fed. R. Bank. P. 8020, holding that "a court may sanction lawyers for abusing the judicial process even when the court does not have subject matter jurisdiction over the underlying dispute"), *aff'd sub nom. Kenneth Michael Wright, L.L.C. v. Kite Bros., L.L.C.* (*In re Kite*), 710 F. App'x 628 (5th Cir. 2018) (*per curiam*); *see also Castillo Grand, LLC v. Sheraton Operating Corp.*, 719 F.3d 120, 124 (2d Cir. 2013) ("Because the common law power to award attorney's fees derives from the court's equitable powers and is unrelated to the merits of an action, a court may still award fees even though it lacks subject matter jurisdiction."); *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 333 (2d Cir. 1999) ("[E]ven when a district court lacks subject matter jurisdiction over an underlying action, it still possesses jurisdiction to impose sanctions arising from the underlying case."). So the Court rejects Appellant's juridiction argument.

Turning to the merits, Appellant sought review of the February 2018 Order – a civil contempt order that is clearly interlocutory. Civil contempt orders are generally "not 'final' within the meaning of [28 U.S.C. §] 1291 but [are] interlocutory and therefore may not be appealed until the entry of a final judgment in the underlying litigation." *OSRecovery*, 462 F.3d at 92. Appellant did not argue why the Court should grant leave to appeal based on the standards prescribed in 28 U.S.C. § 1292(b). In addition to not "address[ing] an issue[] on appeal," Appellant, as discussed above, "makes unsubstantiated factual assertions, asserts bare legal conclusions," and "fails to cite any authority," other than cases he cites for boilerplate language, (*see* Appellant's Opp. ¶ 7). *Kristan*, 2008 WL 8664765, at *4. Thus, the Court deems the instant appeal frivolous. *See id.* (deeming appeal of final order frivolous where appellant "clearly lacked standing"); *see also Stichting Mayflower Recreational Fonds v. City of Park City*, 225 F. App'x 744, 746 (10th Cir. 2007) (unpublished) (deeming appeal of interlocutory order frivolous where there was clear precedent against appellant's position and appellant did not cite legal authority to support its position); *United States v. Cruz*, No. 03-CR-6142, 2006 WL 559255, at *1 (W.D.N.Y. Mar. 6, 2006) (deeming appeal of interlocutory order frivolous where order addressed a non-collateral matter, and there was precedent against appellant's position).

Appellee's request for attorneys' fees and costs also meets the procedural requirements – the request was in a separate motion and Appellant had a reasonable opportunity to respond. As a result, Appellee's motion for Rule 8020 attorneys' fees and costs for appealing the February 2018 Order is granted. But in light of Appellant's bankruptcy and his *pro se* status throughout most of this appeal, the Court declines to award double costs. *See Negosh*, 2007 WL 2445158, at *6.

**IV.   CONCLUSION**

For the reasons set forth above, Appellee's motion to dismiss the appeal from the February 2018 Order is GRANTED, and Appellee's motion for attorneys' fees and costs is GRANTED to the extent that fees and costs, although not double costs, are awarded. Appellant's appeal is dismissed with prejudice. Appellee is directed to submit to this Court a bill of attorneys' fees and costs associated with defending this appeal and moving for attorneys' fees and costs by July 30, 2018. The Clerk of Court is respectfully directed to terminate the pending motions, (Docs. 5, 7), enter judgment for Appellee, and close the case.

**SO ORDERED.**

Dated: June 28, 2018
       White Plains, New York

*Cathy Seibel*
_____
CATHY SEIBEL, U.S.D.J.