Appellant may respond to this application no later than 8/14/18.

SO ORDERED.

*Cathy Seibel* (signature)

CATHY SEIBEL, U.S.D.J.

7/31/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRADLEY C. REIFLER,<br><br>                                Appellant,<br><br>               -v-<br><br>NORTH CAROLINA MUTUAL LIFE INSURANCE COMPANY,<br><br>                                Appellee. | No. 7:18-cv-02559-CS<br><br>On appeal from the United States Bankruptcy Court for the Southern District of New York |

**FEE DECLARATION OF SQUIRE PATTON BOGGS (US) LLP
PURSUANT TO THE COURT'S JUDGMENT**

I, Norman N. Kinel, hereby swear and affirm that I have personal knowledge of the matters stated in this declaration, and that it is true and accurate to the best of my knowledge, information and belief:

1.     I am an attorney admitted to practice in the States of New York and New Jersey, admitted before this Court, the U.S. District Court for the Eastern District of New York, the U.S. Courts of Appeal for the Second and the Ninth Circuits and the U.S. Supreme Court.  I am a Partner at the law firm of Squire Patton Boggs (US) LLP ("Squire").  Squire is a law firm with 46 offices in 21 countries and its New York Office is located at 30 Rockefeller Plaza, 23rd Floor, New York, New York 10112.  I lead Squire's representation of North Carolina Mutual Life Insurance Company ("North Carolina Mutual"), the Appellee in the above-captioned appeal.

1

2.      On June 29, 2018, this Court issued its *Judgment* (Doc. 19).  Pursuant to the Judgment, North Carolina Mutual was "directed to submit to this Court a bill of attorneys' fees and costs associated with defending this appeal and moving for attorneys' fees and costs by July 30, 2018."

3.      In accordance with the Judgment, Squire hereby submits this declaration of attorneys' fees, as ordered by the Court.  Attached as <u>Exhibit A</u> is a summary of the attorneys' fees.  Included in Exhibit A are the detailed time entries pertaining to the attorneys' fees, with the descriptions modified only with respect to matters involving attorney client privilege and/or attorney work product.[1]

4.      Based on its review of invoices issued to North Carolina Mutual for work completed relating to this appeal, Squire has determined that attorneys' fees in

---

[1] Because Squire's attorneys and paraprofessionals maintain time records in the normal course which reflect the aggregate amount of time incurred for services rendered for each client per day, each Squire attorney or paraprofessional whose fees are reflected on the attached exhibit was asked to review their respective time entries and to estimate, to the best of their ability, how much time within their daily time entry was for attorney's fees covered by the Judgment.  Accordingly, while to the best of Squire's knowledge, information and belief, each Squire attorney and paraprofessional used their best good faith efforts to reconstruct this information, it is possible that particular time increments may have been underestimated or overestimated.  Finally, Squire is not hereby, nor does it intend to by this submission, waive attorney client, work product or any other applicable privileges.

the amount of $38,289.50 were incurred and must be paid by Appellant to Appellee North Carolina Mutual in accordance with the Judgment.[2]

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  New York, New York
       July 30, 2018

SQUIRE PATTON BOGGS (US) LLP

*/s/ Norman N. Kinel*
Norman N. Kinel
30 Rockefeller Plaza, 23rd Floor
New York, New York 10112
Telephone:  (212) 872-9800
Facsimile: (212) 872-9815
norman.kinel@squirepb.com

*Attorneys for Appellee*

---

[2] Given the stage at which the appeal was dismissed, the cost of compiling the costs related to the appeal would likely exceed the taxable costs.  Accordingly, costs have been excluded from this submission.

# EXHIBIT A

## Attorneys' Fees and Costs

5

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of July, 2018, the foregoing document was electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal to registered participants of the CM/ECF system.

                                                */s/ Sarah Conley*
                                                Sarah Conley, Paralegal